## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
c/o Department of Justice
Washington, D.C. 20530,
                              Plaintiff,

        v.

MACANDREWS & FORBES HOLDINGS INC.
35 East 62nd Street
New York, NY 10065

                              Defendant.

Civil Action No.

COMPLAINT FOR CIVIL PENALTIES FOR FAILURE TO COMPLY
WITH THE PREMERGER REPORTING AND WAITING REQUIREMENTS
OF THE HART-SCOTT-RODINO ACT

The United States of America, Plaintiff, by its attorneys, acting under the direction of the

Attorney General of the United States and at the request of the Federal Trade Commission, brings

this civil antitrust action to obtain monetary relief in the form of civil penalties against Defendant

MacAndrews & Forbes Holdings Inc. ("MacAndrews & Forbes").  Plaintiff alleges as follows:

### NATURE OF THE ACTION

1.  MacAndrews & Forbes violated the notice and waiting requirements of the Hart-

Scott-Rodino Antitrust Improvements Act of 1976, 15 U.S.C. § 18a ("HSR Act" or "Act"), with

respect to the acquisition of voting securities of Scientific Games Corporation ("SG") in June

2012.  Although certain stock acquisitions relating to a previous HSR Act notification are

exempted from additional notice and waiting requirements, MacAndrews & Forbes' June 2012

acquisitions of SG voting securities fell outside the five-year time period of that exemption.  On

August 16, 2012, MacAndrews & Forbes made a corrective filing for the acquisitions of SG

voting securities made in violation of the Act.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the Defendant and over the subject matter of this

action pursuant to Section 7A(g) of the Clayton Act, 15 U.S.C. § 18a(g), and pursuant to

28 U.S.C. §§ 1331, 1337(a), 1345, and 1355.

3.  Venue is properly based in this District by virtue of Defendant's consent, in the

Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in

this District.

## THE DEFENDANT

4.  Defendant MacAndrews & Forbes is a corporation organized under the laws of

Delaware with its principal office and place of business at 35 East 62nd Street, New York, NY

10065.  MacAndrews & Forbes is engaged in commerce, or in activities affecting commerce,

within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the

Clayton Act, 15 U.S.C. § 18a(a)(1).  At all times relevant to this complaint, MacAndrews &

Forbes had total assets in excess of $136.4 million.  MacAndrews & Forbes is wholly owned by

Ronald O. Perelman.  MacAndrews & Forbes has been authorized by Mr. Perelman to file

notifications under the HSR Act on his behalf for acquisitions it makes.

## OTHER ENTITIES

5.  SIGA Technologies, Inc. ("SIGA") is a corporation organized under the laws of

Delaware with its principal place of business at 35 East 62nd Street, New York, NY 10065.  SIGA

is a development-stage pharmaceutical company.  At all times relevant to this complaint, SIGA

was engaged in commerce, or in activities affecting commerce, within the meaning of Section 1

of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C.

§ 18a(a)(1).  At all times relevant to this complaint, SIGA had total assets in excess of $12.7

million.

      6.  SG is a corporation organized under the laws of Delaware with its principal place of

business at 750 Lexington Avenue, New York, NY 10022.  SG is a provider of lottery and

gaming services.  At all times relevant to this complaint, SG was engaged in commerce, or in

activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C.

§ 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1).  At all times relevant to

this complaint, SG had total assets in excess of $13.6 million.

### THE HART-SCOTT-RODINO ACT AND RULES

      7.  The HSR Act requires certain acquiring persons and certain persons whose voting

securities or assets are acquired to file notifications with the federal antitrust agencies and to

observe a waiting period before consummating certain acquisitions of voting securities or assets.

15 U.S.C. § 18a(a) and (b).  These notification and waiting period requirements apply to

acquisitions that meet the HSR Act's thresholds, which are adjusted annually.  In January 2011,

the HSR Act's reporting and waiting period requirements applied to some transactions that

would result in the acquiring person holding more than $63.4 million, and all transactions where

the acquiring person would hold more than $253.7 million of the acquired person's voting

securities and/or assets, except for certain exempted transactions.  During most of 2012, those

statutory size-of-transaction thresholds were $68.2 million and $272.8 million.

8.  The HSR Act's notification and waiting period are intended to give the federal antitrust agencies prior notice of, and information about, proposed transactions.  The waiting period is also intended to provide the federal antitrust agencies with an opportunity to investigate a proposed transaction and to determine whether to seek an injunction to prevent the consummation of a transaction that may violate the antitrust laws.

9.  Pursuant to Section (d)(2) of the HSR Act, 15 U.S.C. § 18a(d)(2), rules were promulgated to carry out the purposes of the HSR Act.  16 C.F.R. §§ 801-803 ("HSR Rules"). The HSR Rules, among other things, define terms contained in the HSR Act.

10.  Section 801.2(a) of the HSR Rules, 16 C.F.R. § 801.2(a), provides that "[a]ny person which, as a result of an acquisition, will hold voting securities" is deemed an "acquiring person."

11.  Section 801.1(a)(1) of the HSR Rules, 16 C.F.R. § 801.1(a)(1), provides that the term "person" means "an ultimate parent entity and all entities which it controls directly or indirectly."

12.  Section 801.1(a)(3) of the HSR Rules, 16 C.F.R. § 801.1(a)(3), provides that the term "ultimate parent entity" means "an entity which is not controlled by any other entity."

13.  Pursuant to section 801.13(a)(1) of the HSR Rules, 16 C.F.R. § 801.13(a)(1), "all voting securities of [an] issuer which will be held by the acquiring person after the consummation of an acquisition" – – including any held before the acquisition – – are deemed held "as a result of" the acquisition at issue.

14.  Pursuant to sections 801.13(a)(2) and 801.10(c)(1) of the HSR Rules, 16 C.F.R. § 801.13(a)(2) and § 801.10(c)(1), the value of voting securities already held is the market price, defined to be the lowest closing price within 45 days prior to the subsequent acquisition.

15.  Section 802.21(a) of the HSR Rules, 16 C.F.R. § 802.21(a), provides generally that where a person acquired voting securities of an issuer after filing under the HSR Act and observing the waiting period, subsequent acquisitions of voting securities of the same issuer are exempt from the reporting requirements for a period of five years from the expiration of the waiting period, so long as the value of the voting securities held as a result of the subsequent acquisitions does not "meet or exceed a notification threshold . . . greater than the greatest notification threshold met or exceeded in the earlier acquisition." Notification thresholds are set forth in section 801.1(h) of the HSR rules, 16 C.F.R. § 801.1(h), and are adjusted annually.

16.  Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), provides that any person, or any officer, director, or partner thereof, who fails to comply with any provision of the HSR Act is liable to the United States for a civil penalty for each day during which such person is in violation. For violations occurring on or after February 10, 2009, the maximum amount of civil penalty is $16,000 per day, pursuant to the Debt Collection Improvement Act of 1996, Pub. L. 104-134, § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 74 Fed. Reg. 857 (Jan. 9, 2009).

## DEFENDANT'S PRIOR VIOLATION OF THE HSR ACT

17.  On June 22, 2010, MacAndrews & Forbes filed under the HSR Act to acquire SIGA voting securities valued in excess of the $63.4 million size-of-transaction threshold but less than the $126.9 million notification threshold that were then in effect. The waiting period expired on July 22, 2010.

18.  Between July 23, 2010, and October 14, 2010, MacAndrews & Forbes acquired 2.6 million shares of voting securities of SIGA.

19.  On January 7, 2011, MacAndrews & Forbes acquired an additional 600,000 shares of voting securities of SIGA through a cashless exchange of warrants.

20.  Because of an increase in the price of SIGA shares, the value of the shares already held by MacAndrews & Forbes prior to January 7, 2011, had increased significantly from the prices MacAndrews & Forbes had paid for those shares.

21.  As a result of the January 7, 2011, transaction described above, MacAndrews & Forbes held SIGA voting securities valued at more than the $126.9 million notification threshold then in effect.

22.  Although it was required to do so because it had exceeded a higher notification threshold than allowed by its 2010 HSR filing, MacAndrews & Forbes did not file under the HSR Act prior to acquiring the SIGA voting securities on January 7, 2011.

23.  On May 13, 2011, after a review of its portfolio with its HSR counsel, MacAndrews & Forbes made a corrective filing under the HSR Act for the SIGA voting securities it had acquired.  In a letter accompanying that corrective filing, MacAndrews & Forbes acknowledged that the transaction was reportable under the HSR Act, but asserted that the failure to file and observe the waiting period was inadvertent.

## VIOLATIONS

24.  On February 1, 2007, MacAndrews & Forbes filed under the HSR Act to acquire SG voting securities.  Early termination of the waiting period was granted on February 9, 2007. MacAndrews & Forbes then acquired and held voting securities valued above the statutory size-

of-transaction threshold then in effect, which was allowed by it having filed and observed the HSR waiting period.

25.   As a result of its February 2007 HSR filing and the exemption contained in section 802.21(a) of the HSR Rules, 16 C.F.R. § 802.21(a), described in Paragraph 15 above, MacAndrews & Forbes was able to make some additional acquisitions of SG voting securities for five years – until February 9, 2012 – without making a new HSR filing.  MacAndrews & Forbes lawfully acquired additional voting securities of SG during this five-year period.

26.   Because the exemption contained in section 802.21(a) of the HSR Rules, 16 C.F.R. § 802.21(a), is limited to five years, after February 9, 2012 , MacAndrews & Forbes was required to file under the HSR Act and observe the statutory waiting period before making any acquisition of SG voting securities resulting in holdings of SG voting securities valued above the statutory size-of-transaction threshold.

27.   On June 4 and 5, 2012, MacAndrews & Forbes acquired an additional 800,000 shares of voting securities of SG at a cost of approximately $6.5 million.  Under the HSR Rules described in Paragraphs 13 and 14 above, the SG voting securities held by MacAndrews & Forbes as a result of the June 4 and 5, 2012 acquisitions included the SG voting securities obtained in previous acquisitions, and were valued above the HSR Act's $68.2 million size-of-transaction threshold then in effect.

28.   Although it was required to do so, MacAndrews & Forbes did not file under the HSR Act prior to acquiring the SG voting securities on June 4 and 5, 2012.

29.   On August 16, 2012, after a review of its portfolio with its HSR counsel, MacAndrews & Forbes made a corrective filing under the HSR Act for the SG voting securities

it had acquired.  In a letter accompanying that corrective filing, MacAndrews & Forbes acknowledged that the acquisitions were reportable under the HSR Act, but asserted that the failure to file and observe the waiting period was inadvertent.  The waiting period on the filing expired on September 17, 2012.

30.  MacAndrews & Forbes was in continuous violation of the HSR Act from June 4, 2012, when it acquired SG voting securities that resulted in it holding voting securities valued in excess of the HSR Act's $68.2 million size-of-transaction threshold, through September 17, 2012, when the waiting period expired.

## PRAYER

WHEREFORE, Plaintiff prays:

1. That the Court adjudge and decree that Defendant MacAndrews & Forbes' acquisitions of SG voting securities on June 4 and 5, 2012, were violations of the HSR Act, 15 U.S.C. § 18a; and that Defendant MacAndrews & Forbes was in violation of the HSR Act each day from June 4, 2012, through September 17, 2012.

2. That the Court order Defendant MacAndrews & Forbes to pay to the United States an appropriate civil penalty as provided by the HSR Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104-134, § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 61 Fed. Reg. 54548 (Oct. 21, 1996); 74 Fed. Reg. 857 (Jan. 9, 2009).

3. That the Court order such other and further relief as the Court may deem just and proper.

4. That the Court award the Plaintiff its costs of this suit.

Dated: June 19, 2013

FOR THE PLAINTIFF UNITED STATES
OF AMERICA:


Renata B. Hesse
D.C. Bar No. 466107
Acting Assistant Attorney General


Roberta S. Baruch
D.C. Bar No. 269266
Special Attorney


Kenneth A. Libby
Special Attorney


Department of Justice
Antitrust Division
Washington, D.C.  20530


Federal Trade Commission
Washington, D.C.  20580
(202) 326-2694